J. H. M. Clinch, Appellant, vs. P. J. Canova & Co., Appellees.

A new trial granted where in an action on the common counts, with a plea of the general issue, the evidence fails to show that the person claimed by the plaintiff to have acted as agent for the defendant was authorized to bind the latter to pay for goods furnished to parties named in the bill of particulars.

Appeal from the Circuit Court for Clay county.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Appellant.

No appearance for Appellees.

RANEY, C. J.:

Appellees sued appellant, declaring for goods bargained and sold by the former to the latter, and by the former at the request of the latter, and for money found to be due on account stated. Defendant pleaded the general issue and there was trial by jury resulting in a verdict in favor of plaintiffs, and a motion for a new trial having been refused, judgment in the sum of $151.87 and costs was entered and appellant appealed.

The amended bill of particulars is as follows:

Mr. J. H. M. Clinch,

| 1888 | To P. J. Canova & Co. | Dr. |
|---|---|---|
| May 26, To goods sold to J. P. Moore, per your order.......................... | | $20 00 |
| "   " To goods sold to Brazillo (Italian), per your order.................... | | 32 99 |

| | | |
|---|---|---:|
| " " Goods sold to Valpato (Italian), per your order | | 22 35 |
| " " Goods sold to Gealto, per your order | | 26 43 |
| " " Goods sold to Graziano (Italian), per your order | | 18 30 |
| " " Goods sold to Marco, per your order | | 17 60 |
| " " Goods sold to Keko, per your order | | 5 50 |
| " " Goods sold to Laffaletto, per your order | | 10 13 |

$153 80

J. S. Wright, a witness for plaintiffs, testified that he was agent for defendant several years, and as such had control of the brick-yard and the street railroad owned by him; of the former from some time in 1887, until June, 1888; that his authority was for the purchase of the supplies and material, and general control of the brick-yard, and to pay laborers or hands. That he was engaged in brick-making for the defendant, and that the duty devolved upon him to do whatever was necessary. That he paid nearly all the hands in money, but sometimes paid them with orders on plaintiffs. "The order for $20, Moore's account," according to his best recollection, was in writing. That he, witness, paid in orders when he had no money.

Plaintiff, P. J. Canova, testified that the orders from Wright to him for goods for Clinch's men were all verbal; none were in writing. "I have no orders in writing; I have pay-rolls—several of them."

Wright, resuming, testified: That he was not clear about giving the written order in Moore's case, the item of Moore's debt. That he could not say exactly

as to the amount due on account of each man. The aggregate amount is $153.30. That the amount sued on is just and correct as shown by the amended bill of particulars. On cross-examination he said that Clinch was suing him for moneys not accounted for, and that he was suing Clinch.

Plaintiff, P. J. Canova, then testified: That he was plaintiff. That Wright promised to let him know the amount of these people's accounts; he would pay me according to his pay-roll. That he, witness, kept each person's account separately. J. P. Moore had no account. That witness let Brazillo have $32.99 worth; and to Valpato $22.35 worth, and that it was still due; and sold to Gealto $26.43 worth, and it was still due; and sold to Graziano $18.30 worth, and it is still due; and sold goods to Marco, $17.60 worth, and to Chico, $5.50 worth, and to Laffaletto $10.30 worth, which amounts were still due. That the account sued on was just and correct, and the whole amount was still due. On cross-examination he stated that he knew the defendant personally, and had known him a good many years. That defendant did come to him and have a conversation with him about the account against these men. That witness did not say to him that he, witness, had no account against him. That defendant asked him if Wright was paying off his men at witness' store, and witness replied that to some extent he was. That witness talked to some extent with defendant about the pay-rolls and Wright's action towards him. That witness did tell him that he had no account against him. That witness showed him this account against Wright as agent for him. This account that witness sued on, witness had been informed by Wright, was correct according to the pay-

rolls. Here defendant's counsel handed to witness a paper writing headed: "Copy of Acct., from Canova's books, of Col. J. S. Wright." This account runs from September 29th, 1887, to June 23rd, 1888, amounts to $511.35, and shows balance of $158.18 due on it. It is endorsed or credited as follows:

"Green Cove Springs, Fla., July 20, 1888.

I certify this is a correct copy of the account of Col. Wright as per our books to date.

P. J. Canova & Co., per B.

Having checked up the account with Mr. Brown, I certify this is a correct copy of the account. D. Page."

Referring to the account witness said that these accounts were the same as the account sued on, and, except Moore's, were charged upon witness' books. That his books charged these men with these accounts. That the account was drawn correctly from witness' books, Brown was his clerk. The statement of account certified to by P. J. Canova & Co., through Brown, was in the main correct. That witness discovered one error in it which he could explain, that he acknowledged to Col. Wright that a balance was in his favor; thinks balance was $2.10; with this explanation the statement was correct.

Defendant testified that he had a conversation with Canova during the latter part of May, 1888. Had heard that Wright was paying off his men at Canova's store, and asked Canova about it, and Canova said it was true; and further said that he paid according to the pay-rolls. That defendant asked him for the pay-rolls, and he showed them to him; and he told defendant he had no account against him. He had one against Wright and showed it to witness. Defendant told Canova he must have no account against him. Defendant spoke of the pay-rolls several times during

this conversation. That after defendant discharged Wright the former went to Canova again to get the pay-rolls, and Canova told him Wright had taken them away; and a day or two after defendant asked Canova again for the pay-rolls; and he said Wright had destroyed them; and defendant said to Canova that he regretted it very much, as these pay-rolls were véry important to both of them. That sometime after this defendant wrote to Mr. D. Page to get certain evidence from P. J. Canova & Co., and he got the foregoing statement of account. Defendant had before seen the account in Canova's books, and wanted to see it verified by some other person than myself. Witness asked Canova during their conversations if he had any account against witness, and he said he had none. That Canova showed him his book and it contained no account against witness, but did contain one against Wright, as shown by the statement in evidence.

D. Page, witness for defendant, testified: That he knew the parties to the suit, and that he saw Canova's account-book July 20th, 1888. That the above statement of account was in witness' hand-writing. That he got the items from Canova's journal or ledger. That this is an exact copy of the account, and that he copied it from Canova's books. That Wright's name did not appear as agent, but the account was against Wright himself individually. On cross-examination he said that he saw a book in Canova's store and saw some items charged to Wright. It was a journal or ledger. Re-examined: A pay-roll of May 26th, 1888, was handed to him and he said: This order and pay-roll is signed by J. S. Wright. That he was familiar with Wright's hand-writing. Pay-roll and order filed in evidence. It is headed "J. S. Wright," then are names of persons and an amount opposite each.

These amounts aggregate $99.42, and below this is: Cash $10, and then below this: "Check $109.42," and then below this "$112.50." This pay-roll is endorsed: "Chg. pay-roll to me. Cr. me $112.50. 26 May." The names Marco and Keko appear among the names of persons. Defendant then put in evidence eleven checks drawn some in January, February, March, April, May and June, 1888, and December, 1887, by defendant on a bank in Savannah, Ga., in favor of J. S. Wright, and endorsed by Wright to P. J. Canova & Co., and by P. J. Canova & Co., the witness proving the signatures of the named parties.

P. J. Canova, being recalled, testified that these checks had all been accounted for, and that none of them were covered by the account sued on; and that when Page came to his store in July, 1888, to examine the account sued on, witness' book showed the account to be against Wright as agent. The word "agent" has not been added since the account was made on the books.

In our opinion the verdict is contrary to the evidence. The evidence does not show that Wright was authorized by Clinch to bind him to pay Canova & Co. for goods furnished the parties named in the bill of particulars. American Lead Pencil Co. vs. Wolfe & Co., 30 Fla., 360, 11 South. Rep., 488. These parties are not shown to have worked at Clinch's brick-yard, or to have been in his employ.

Without further discussion of the testimony, or noticing other features of the case, we will reverse the judgment and remand the cause for a new trial. It will be so ordered.